**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DAMINA DURHAM, | : | |
| | : | |
| Plaintiff, | : | Case No. 18-2045 |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ACADEMY | : | |
| | : | |
| and | : | |
| | : | |
| SEQUEL YOUTH AND FAMILY | : | |
| SERVICES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**DEFENDANTS SEQUEL OF NEW JERSEY, INC. D/B/A CAPITAL ACADEMY AND**</u>
<u>**SEQUEL TSI HOLDINGS, LLC D/B/A SEQUEL YOUTH AND**</u>
<u>**FAMILY SERVICES' ANSWER AND AFFIRMATIVE DEFENSES**</u>
<u>**TO PLAINTIFF'S COMPLAINT**</u>

Defendants Sequel of New Jersey, Inc. d/b/a Capital Academy ("Capital") and Sequel TSI Holdings, LLC d/b/a Sequel Youth and Family Services ("Sequel")[1], collectively "Defendants," answer the Complaint ("Complaint") filed by Plaintiff Damina Durham ("Plaintiff") and present the following:

**I.     PARTIES[2]**

1.     Admitted in part, denied in part.  It is admitted only that Plaintiff is an adult individual and a former employee of Capital.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and those allegations are therefore denied.

---

[1]  Sequel of New Jersey, Inc. and Sequal TSI Holdings, LLC are improperly named as Capital Academy and Sequel Youth and Family Services, respectively.

[2]  Defendants use the same headings as in the Complaint for ease of reference.  To the extent that any headings could be interpreted as factual allegations requiring a responsive pleading, Defendants do not admit and expressly deny the same.

2.      Denied as stated.  It is admitted only that Sequel of New Jersey, Inc. d/b/a Capital Academy is a New Jersey company that owns and operates a Residential Child Care Facility located at 1770 Mt. Ephraim Ave., Camden, NJ 08104.

3.      Denied as stated.  It is admitted only that Sequel TSI Holdings, LLC d/b/a Sequel Youth and Family Services is an Alabama company located at 1131 Eagletree Lane, Huntsville, Alabama 35801.

4.      It is admitted that Capital is an accredited Behavioral Care Organization by The Joint Commission and operates under an approved license for sixty beds by the New Jersey Office of Licensing as a Residential Child Care Facility, and the New Jersey Department of Children and Families contracts specialty care beds with Capital.

5.      Denied as stated.  It is admitted only that Capital provides clinical, resident, and educational services for male adolescents.

6.      Denied as stated.  It is admitted only that Capital receives payments from the State of New Jersey.

7.      Denied as stated.  It is admitted only that Capital operates a staff-secure residential facility located at 1770 Mt. Ephraim Ave., Camden, NJ 08104 and a community home located at 1024-1026 Collings Ave., Collingswood, NJ 08107.

8.      Sequel's website is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted only that Capital is listed under the heading Staff-Secure Residential Academies.

9.      Denied as stated.  It is admitted only that Sequel owns and operates Capital and controls some aspects of Capital and that employees of Sequel manage and direct some of the activity of Capital and some of the activities of the employees of Capital.

10.     Sequel's "Jobs" page is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted only that the "Jobs" page lists job opportunities at Sequel owned facilities throughout the country, including Capital.

## II.     VENUE AND JURISDICTION

11.     The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiff purports this Court possesses personal jurisdiction over Defendants.  Defendants do not contest personal jurisdiction in this matter.

12.     The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiff contends that venue is proper in this district.  Defendants do not contest venue in this matter.

13.     The allegations in Paragraph 13 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 13.

14.     The allegations in Paragraph 14 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 14.

## 12. FACTUAL ALLEGATIONS

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, and those allegations are therefore denied.

16.     Admitted in part, denied in part.  It is admitted only that Plaintiff was first hired by Capital in June of 2015 as a Mental Health Clinician.  Defendants deny the remaining allegations in Paragraph 16.

17.     Denied as stated.  It is admitted only that in June of 2016, Capital informed Plaintiff that she had ninety (90) days to obtain her license as a Licensed Professional Counselor or have a plan to obtain her license.  Defendants deny the remaining allegations in Paragraph 17.

18.     Denied.

19.     Denied.

20.     Admitted.

21.     Admitted.

22.     Admitted in part, denied in part.  It is admitted only that Mr. Christiano instructed Ms. Anderson not to train Plaintiff in all of Ms. Anderson's responsibilities.  Defendants deny the remaining allegations in Paragraph 22.

23.     Denied as stated.   It is admitted that while in her role as an Executive Administrative Assistant, Ms. Anderson, who had a background in business, attend monthly budget calls.  Ms. Anderson retained this responsibility when she moved into the QA role, whereas Plaintiff was not given this responsibility while in the QA role.

24.     Admitted in part, denied in part.  It is admitted only that Plaintiff reported certain conduct.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and those allegations are therefore denied.

25.     Denied.

26.     Denied.

**Defendants Violated State Regulations by Filing False and Incomplete Incident Reports**

27.     Denied as stated.  It is admitted only that Defendants are required to comply with governing reporting requirements.

28.     N.J.A.C. § 13:92, *et seq.* is a regulation that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted only that Manual of Standards for Juvenile Detention Facilities states that incidents are to be documented on the Commission's "Incident Report" form.  Defendants deny this regulation applies to them.

29.     Admitted in part, denied in part.  It is admitted that the Manual of Standards for Juvenile Detention Facilities states that incident reports are documented on the Commission's "Incident Report" form.  It is denied the Manual of Standards for Juvenile Detention Facilities applies to Defendants.

30.      The regulations are documents that speak for themselves and therefore no response is required.  To the extent a response is deemed necessary, it is admitted the regulations state as quoted, and it is denied the regulations apply to Defendants.

31.     New Jersey regulations are documents that speak for themselves and therefore no response is required.  To the extent a response is deemed necessary, it is admitted the regulations require facilities to log and record information as stated, and it is denied the regulations apply to Defendants.

32.     N.J.A.C. § 13:92-7.3 is a regulation that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted N.J.A.C. § 13:92-7.3 states as quoted, and it is denied this regulation applies to Defendants.

33.     The allegations in Paragraph 33 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, denied as stated.  It is admitted only that

Defendants must comply with federal and/or state regulations.  Defendants deny the remaining allegations in Paragraph 33.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied as stated.  It is admitted only that Plaintiff became aware of an alleged incident involving the alleged sexual assault of a resident by a counselor.

43     Denied.

44.     Denied.

45.     Denied.

**Sequel was Aware, Willfully Indifferent, and/or an Active Participant in Capital's Conduct**

46.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and those allegations are therefore denied.

47.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and those allegations are therefore denied.

48.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and those allegations are therefore denied.

49.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and those allegations are therefore denied.

50.     Denied.

51.     Denied.

**Defendants Retaliated Against Durham for Reporting Unlawful Conduct**

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and those allegations are therefore denied.  By way of further response, Defendants specifically deny the restraint was improper.

53.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and those allegations are therefore denied.

54.     Admitted in part, denied in part.  It is admitted only that Plaintiff contacted Ms. Turner.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint, and those allegations are therefore denied.

55.     Denied as stated.  It is admitted only that Human Resources instructed Plaintiff, as a mandatory reporter, to report what she claimed to have witnessed.

56.     Admitted.

57.     Denied as stated.  It is admitted only that Plaintiff reported to the IAUI and the administrative team.  Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and those allegations are therefore denied.

59.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and those allegations are therefore denied.

60.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and those allegations are therefore denied.

61.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and those allegations are therefore denied.

62.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and those allegations are therefore denied.

63.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and those allegations are therefore denied.  By way of further response, Defendants specifically deny that Plaintiff was "demoted."

64.     Admitted in part, denied in part.  It is admitted only that Plaintiff's move from Mental Health Clinician to QA was not a demotion.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Complaint, and those allegations are therefore denied.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and those allegations are therefore denied.

66.     Denied.

67.     Denied as stated.  It is admitted only that Plaintiff was asked to participate in a conference call with Sylvia Steger, Roy Day, and Alex Britt.

68.     Admitted.

69.     Denied as stated.  It is admitted only that during the August 1, 2017 conference call, Plaintiff expressed concerns about the restraint.

70.     Denied as stated.  It is admitted only that Plaintiff communicated her concerns with Capital's reporting.  It is denied that Capital's reporting practices were incomplete and false.

71.     The August 2, 2017 is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, Defendants admit only that Plaintiff sent an e-mail on August 2, 2018.  Defendants deny the remaining allegations in Paragraph 71.

72.     The August 2, 2017 is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted only that Plaintiff attached documents to her August 2, 2017 e-mail.  Defendants deny the remaining allegations in Paragraph 72.

73.     Denied.

74.     Admitted.

75.     The CRS is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted only that the CRS included a

summary of Plaintiff's concerns and exhibits, e-mails, and citations to specific regulations. Defendants deny the remaining allegations in Paragraph 75.

76.     The CRS is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, the allegations in Paragraph 76 are denied.

77.     Denied.

78.     Denied.

79.     Denied as stated.  It is admitted only that Plaintiff was issued a notice that as a result of a reduction in force for the position of QA Manager and a restructure of the Administrative Department, Capital extended Plaintiff as opportunity as a part-tine non-exempt Administrative Assistant.

80.     Admitted.

81.     The notice of RIF is a document that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, it is admitted only that Plaintiff was offered a part-time non-exempt Administrative Assistant position at Capital that would be compensated at a rate of $14.45 an hour, up to 29 hours a work week, and she would be ineligible for all elected benefits except Unum and 401k.

82.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and those allegations are therefore denied.

83.     Denied.

84.     Denied.

85.     Admitted in part, denied in part.  It is admitted only that Plaintiff was escorted from the building after she declined the offered Administrative Assistant position.  Defendants deny the remaining allegations in Paragraph 85.

86.     Denied as stated.  It is admitted only that Capital hired line staff as needed and a licensed therapist due to contractual obligations.

87.     Denied.

## COUNT I
## VIOLATION OF CONSCIENTIOUS EMPLOYEE PROTECTION ACT,
### "CEPA" N.J.S.A. § 34:19-1 et seq.
## (PLAINTIFF DAMINA DURHAM VS. DEFENDANTS CAPITAL ACADEMY AND
## SEQUEL YOUTH AND FAMILY SERVICES)

88.     Defendants incorporate by reference their responses to the Paragraphs above as if set forth herein in their entirety.

89.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and those allegations are therefore denied.

90.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and those allegations are therefore denied.

91.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and those allegations are therefore denied.

92.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and those allegations are therefore denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    N.J.S.A. § 34:19-3 is a statute that speaks for itself and therefore no response is required.  To the extent a response is deemed necessary, N.J.S.A. § 34:19-3 states as quoted.

104.    Denied.

105.    Paragraph 105 is incoherent and therefore no response is required.  To the extent a response is deemed necessary, the allegations in Paragraph 105 are denied.

106.    Denied

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied

118.    Denied.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any relief and request that the Court dismiss the Complaint with prejudice; that it enter judgment in Defendants' favor and against Plaintiff on all counts; and that this Court award Defendants their costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Defendants had legitimate, non-retaliatory reasons for all of the employment decisions they made regarding Plaintiff.

3.      None of the actions taken by Defendants with respect to Plaintiff were motivated by retaliatory animus.  Even if any actions of Defendants upon which any claims are based were motivated by any impermissible factors, which Defendants specifically deny, the same actions would have been taken in the absence of any such impermissible motivating factors.

4.      Plaintiff did not engage in any protected activity under the Conscientious Employee Protection Act ("CEPA") and, therefore, any alleged damages Plaintiff occasioned were not caused by Defendants.

5.      Defendants did not engage in any retaliation, and therefore, Plaintiff is not entitled to compensatory or punitive damages.

6.      To the extent a violation(s) of CEPA is established, any such violation(s) was not willful and occurred despite the maintenance of policies and procedures to avoid such violation(s).

7.      Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel, laches and/or unclean hands.

8.      Plaintiff's claims are barred by Plaintiff's own conduct, or by the conduct of her agents and/or representatives.

9.      Plaintiff's claims fail because Plaintiff was an at-will employee.

10.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to mitigate any alleged damages she claims to have sustained (the entitlement to recovery for which is expressly denied).   Alternatively, any claims for relief for lost earnings and/or benefits must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits and benefits received.

11.     Any claim that may be stated in the Complaint for damages on behalf of Plaintiff resulting from emotional, psychological and/or physical distress and/or injury, pain and suffering, humiliation, loss of life's pleasures, loss of self-esteem, depression, anxiety, stress, trauma, panic, mental anguish and any other physical, psychological and emotional symptoms and conditions are barred, and the Court lacks jurisdiction, to the extent that such claims are covered by the applicable workers' compensation statute.

12.     Plaintiff's claims are not brought in good faith and Defendants shall seek attorneys' fees and costs under all applicable fee-shifting statutes.

13.    Defendants are not liable for punitive damages because neither Defendants, nor any of their upper management, committed any act with malice or reckless indifference to Plaintiff's rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

14.    Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by Defendants.

## <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to add additional defenses as discovery progresses.

**WHEREFORE**, Defendants demand judgment in their favor:

(a)    dismissing the Complaint with prejudice;

(b)    awarding Defendants their costs, expenses, experts' fees, and reasonable attorneys' fees; and

(c)    awarding Defendants such other and further relief to which it may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Brandon R. Sher*
Brandon R. Sher, Esquire
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2840 (phone)
(215) 995-2801 (fax)
brandon.sher@ogletree.com

Dated:  April 23, 2018                              *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAMINA DURHAM, | : |
| | : |
| Plaintiff, | : Case No. 18-2045 |
| | : |
| v. | : |
| | : |
| CAPITAL ACADEMY | : |
| | : |
| and | : |
| | : |
| SEQUEL YOUTH AND FAMILY | : |
| SERVICES, | : |
| | : |
| Defendants. | : |
| | : |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 23rd day of April, 2018, a true and correct copy of the foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint** was electronically filed and may be viewed and downloaded from the ECF System.

*/s/ Brandon R. Sher*
Brandon R. Sher

33717872.1