IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAMINA DURHAM, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ACADEMY and SEQUEL YOUTH AND FAMILY SERVICES, <br><br> Defendants. | Civil No. 18-2045 (RMB/JS) <br><br> **MEMORANDUM OPINION & ORDER** |

This matter comes before the Court upon Defendants Capital Academy's and Sequel Youth and Family Services' Motion for Summary Judgment against Plaintiff Damina Durham [Dkt No. 31].

Ms. Durham has brought a claim against Defendants for violation of New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.*, asserting that Defendants' termination of her employment was unlawful retaliation against her for reporting unlawful and improper workplace conduct at Capital Academy.

In support of their Motion for Summary Judgment, Defendants assert that, prior to her reports (which they date to July 2017 onward), Ms. Durham had already been identified as one of several employees subject to a planned reduction in force ("RIF") deemed necessary to align staffing with revised budget constraints. Defendants additionally assert that, of the employees subject to

1

the RIF, only Ms. Durham was offered an alternative position that would enable her to continue her employment, albeit with a lower rate of compensation, and that this offer demonstrates Defendants' good faith.

Ms. Durham counters that there are numerous genuine disputed issues of material fact, particularly as to when Defendants made the decision to include her in the RIF.  She points to, *inter alia*, a May 17, 2017 email to her superior in the record in which she references prior incident reports.  She also highlights Defendants' failure to provide any document referencing the RIF prior to an August 23, 2017 email.  In response to Defendants' "Statement of Undisputed Material Facts" [Dkt. No. 29-1], submitted in support of their Motion, Ms. Durham provides an "Opposition to Defendants' Statement of Undisputed Material Facts"[1] [Dkt. No. 34-1], as well as her own "Counter-Statement of Material Facts" [Dkt. No. 34-2].

Summary judgment shall be granted only if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party."

---

[1] Of the sixty-six (66) "undisputed material facts" in Defendants' filing, Ms. Durham's filing disputes thirty-three (33) in their entirety, and another nineteen (19) in part.

2

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether there is a genuine issue for trial, the court is not to weigh evidence or decide issues of fact. Id. at 248. Because fact and credibility determinations are for a jury, the nonmovant's evidence is to be believed, and any ambiguities construed in her favor. Id. at 255. However, the movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

To prevail on a claim under the relevant provision of CEPA (N.J.S.A. 34:19-3(a)), a plaintiff must establish that (1) she reasonably believed that her employer's conduct was violating the law (or a "rule or regulation promulgated pursuant to law"); (2) she objected to the conduct; (3) an adverse employment action was taken against her; and (4) a "causal connection exists between the whistleblowing activity and the adverse employment action." See Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 404 (3d Cir. 2007) (citing Dzwonar v. McDevitt, 828 A.2d 893, 900 (N.J. 2003)). The plaintiff bears the burden of establishing a *prima facie* case of unlawful retaliation. Schlichtig v. Inacom Corp., 271 F. Supp. 2d 597, 611 (D.N.J. 2003); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). This burden is "not intended to be onerous", as plaintiff need only show that

3

retaliation "*could* be a reason for the employer's action." See Marzano v. Computer Sci. Corp., 91 F.3d 497, 508 (3d Cir. 1996). If a *prima facie* case has been established, the defendant bears the burden of production to present a legitimate non-retaliatory reason for its actions. See McDonnell Douglas, 411 U.S. at 802. To survive summary judgment, the plaintiff must in turn offer "sufficient evidence for a reasonable jury to find that the employer's proffered reason for the discharge was pretextual and that retaliation for the whistleblowing was the real reason for the discharge." Blackburn v. UPS, Inc., 179 F.3d 81, 92-93 (3d Cir. 1999).

The parties' filings indicate that there are genuine issues of material fact regarding the nature and timing of Defendants' decision-making process with regard to the inclusion of Ms. Durham in the RIF. These issues are highly relevant both to the retaliation element of Ms. Durham's *prima facie* CEPA claim and to the pretext element of the burden-shifting analysis. While Defendants' version of the events seems more plausible and, thus, Defendants could so persuade a jury, the Court cannot hold on this record that the Defendants are entitled to summary judgment as a matter of law for the reasons above. Accordingly,

**IT IS** on this 31st day of January 2020, hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Dkt. No. 29] is **DENIED.**

          ___s/ Renée Marie Bumb___
          RENÉE MARIE BUMB
          UNITED STATES DISTRICT JUDGE